IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| HECTOR TORRES | § | |
| v. | § | CIVIL ACTION NO. 6:10cv456 |
| ERICK PLATTEN, ET AL. | § | |

<u>MEMORANDUM ADOPTING REPORT AND RECOMMENDATION</u>
<u>OF THE UNITED STATES MAGISTRATE JUDGE</u>
<u>AND ENTERING FINAL JUDGMENT</u>

The Plaintiff Hector Torres, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. The named Defendants in the lawsuit are Torres' defense attorney Erick Platten and Smith County District Attorney Matt Bingham.

Torres was convicted on a plea of guilty in August of 2002. In May of 2008, he says, he learned that Platten had committed "criminal activities and acts of moral turpitude which rendered him unfit to practice law as an attorney." He sought resolution of the matter through the Texas State Bar, but received no relief even though Platten's criminal acts were committed just before Torres' trial. He stated that "these violations have caused Plaintiff to undergo psychiatric treatment here in TDCJ," but fails to show how any alleged criminal acts by Platten affected Torres' trial. He also complained that District Attorney Matt Bingham failed to "correct these injustices," but he fails to say what he believed that Bingham should have done. For relief, Torres asks for an award of damages as determined by a jury, "injunctive relief from incarceration," and anything further the Court deems appropriate.

1

After review of the pleadings, the Magistrate Judge issued a Report recommending that Torres' lawsuit be dismissed as frivolous and for failure to state a claim upon which relief may be granted. The Magistrate Judge stated that Platten, as defense counsel, did not act under color of state law and thus is not amenable to suit under the Civil Rights Act, 42 U.S.C. §1983. The Magistrate Judge also stated that Torres lacks a judicially enforceable interest in having Bingham prosecute Torres, and that any action taken by Bingham against Torres is barred by the doctrine of prosecutorial immunity. Finally, the Magistrate Judge stated that Torres said that he learned of Platten's alleged crimes in May of 2008, but did not sign his complaint in this lawsuit until August 18, 2010, over two years later, and so his claims are barred by the statute of limitations.

In his objections to the Magistrate Judge's Report, Torres says that in May of 2008, he became aware that Platten had been arrested for criminal activities rendering him unfit to practice law, during the time that he represented Torres in a criminal matter. Bingham did not inform Torres of Platten's arrest, and Torres says that both Platten and Bingham had a duty to tell him about this so that he could make informed decisions regarding his trial. He says that he has been diligent in pursuit of this matter because the State Bar grievance process took 12 months to complete.

Torres states that without being told the circumstances, he could not understand why his own defense attorney "railroaded" him through the system, forcing him to "take a deal" when he did not want to. He says that had he understood "the whole picture," he would not have trusted Platten blindly, but would have fired him and gone to trial. Torres says, without offering any supporting facts, that "Platten used Torres as a bargaining chip for his own legal troubles." He says that both Platten and Bingham were acting under color of state law because Platten had been hired to defend him and Bingham represented the State of Texas as a prosecutor.

Torres says that he is not asserting that Bingham should have prosecuted Platten; rather, he states that Platten was prosecuted by Bingham, which meant that a conflict of interest developed when Platten forced him to take a deal for 60 years and then face deportation as a national of Mexico, a fact of which he says that he also was not made aware.

Torres goes on to argue that the constitutional violations committed were of such a magnitude that his conviction cannot be relied upon. He says that his due process rights were violated when he was not told of Platten's arrest, and that these violations led to an unlawful conviction, one that would not have occurred had Torres been made aware of Platten's arrest and subsequent trial.

Although Torres says that Platten is a state actor because he was hired to defend him, this is incorrect. As the Magistrate Judge said, the Supreme Court has held that defense counsel "does not himself act under color of state law within the meaning of Section 1983." Briscoe v. LaHue, 460 U.S. 325, 328 n.6 (1983). Even if Platten had been appointed by the trial court to represent Torres, he still would not be a state actor for purposes of section 1983. Ellison v. De La Rosa, 685 F.2d 959 (5th Cir. 1982). The Magistrate Judge correctly determined that Platten is not amenable to suit under 42 U.S.C. §1983, and Torres' objections on this point are without merit.

Torres has not pointed to a federal constitutional duty on the part of Bingham to inform him of Platten's arrest. Nor has he offered anything beyond speculation or supposition that a conflict of interest existed. Although Torres argues that Platten's arrest rendered him unfit to practice law, he concedes that the State Bar declined to take action against Platten, As the Magistrate Judge said, Torres has offered nothing to show that Platten's representation of him was compromised, beyond the bare and conclusory allegation that a conflict of interest existed. Torres' objection on this point is without merit.

Although Torres argues that he pursued his claims diligently, the Magistrate Judge correctly concluded that the time during which Torres was pursuing his grievance with the State Bar does not toll the federal limitations period because he did not have to complete the State Bar grievance process as a prerequisite to filing suit in federal court. Thus, whether or not Torres pursued his State Bar grievance diligently, the statute of limitations still bars his claim in federal court. Torres' objection on this point is without merit.

The Court also notes that in his objections, Torres argues that these circumstances render his conviction invalid. As a general rule, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions which would render a conviction or sentence invalid, a Section 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. 2254. Heck v. Humphrey, 114 S.Ct. 2364, 2372; *see also* Boyd v. Biggers, 31 F.3d 279 (5th Cir. 1994). Because Torres has made no such showing with regard to his conviction, his Section 1983 lawsuit is also barred by Heck to the extent that he seeks monetary damages in a direct challenge to the validity of his conviction

The Court has conducted a careful *de novo* review of the pleadings in this cause, the Report of the Magistrate Judge, and the Plaintiff's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Petitioner's objections are without merit. It is accordingly

ORDERED that the Petitioner's objections are overruled and the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled civil action be and hereby is DISMISSED with prejudice as frivolous and for failure to state a claim upon which relief may be granted. The dismissal of this lawsuit shall have no effect upon the Plaintiff's right to challenge the validity of his conviction through any lawful means, including but not limited to state or federal habeas corpus applications or the seeking of executive clemency. Finally, it is

ORDERED that any and all motions which may be pending in this civil action are hereby DENIED.

**SIGNED this 14th day of December, 2010.**


_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE